UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

March 21, 2003

Morton Edelstein, Esquire
110 St. Paul Street, Suite 402
Baltimore, Maryland 21202-1723

Howard K. Kurman, Esquire
Laura L. Hoppenstein, Esquire
Offit, Kurman, Yumkas & Denick, PA
8 Park Center Court, Suite 200
Owings Miller, Maryland 21117-3754

Re: Karen Paugh v. The Fairlawn Tool & Die Co., Inc.
Civil No. L-03-262(Magistrate Judge Gauvey)

Dear Counsel:

Please be advised that a settlement conference in the above-captioned case has been scheduled for **Wednesday, June 11, 2003 at 10:00 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is not sufficient. *See* Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

No later than **Wednesday, May 28, 2003**, I would like to receive from each party a short letter candidly setting forth the following:

1. Facts you believe you can prove at trial;

2. The major weaknesses in each side's case, both factual and legal;

3. An evaluation of the maximum and minimum damage awards you believe likely;

4. The history of any settlement negotiations to date; and

5. Estimate of attorney's fees and costs of litigation through trial.

U.S. District Court (Rev. 9/2001)

Letter to Counsel - Karen Paugh v. The Fairlawn Tool & Die Co., Inc.
Page Two
March 21, 2003

      The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

      The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

      Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

      Very truly yours,

      /s/

      Beth P. Gesner
      United States Magistrate Judge


cc:    Chief Judge Legg
       Magistrate Judge Gauvey
       Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)